# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MIRANDA BLACK,** | |
| Plaintiff, | **CIVIL ACTION FILE NO.** |
| v. | _____ |
| **CHESTER MOORE and SUMMITT TRUCKING, LLC,** | **REMOVED FROM STATE COURT OF DEKALB COUNTY; CIVIL ACTION FILE NO. 21A02222** |
| Defendants. | |

## DEFENDANT SUMMITT TRUCKING, LLC'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COMES NOW, **SUMMITT TRUCKING, LLC** (hereinafter "Defendant"), and files the following Notice of Removal to United States District Court, showing the Court as follows:

1. This civil action was filed on May 5, 2021 in the State Court of DeKalb County. That action is designated there as Civil Action File No. 21A02222. This notice of removal is timely filed.

2. Defendant files herewith a copy of all process, pleadings, and orders received by Defendant in Civil Action File No. 21A02222, pursuant to 28 USC §1446.

3. Defendant is now, was at the commencement of Civil Action File No. 21A02222, and at all times since has been an entity organized and existing under the laws of the State of Indiana. (Pl.'s Compl. ¶ 3). The sole members of Defendant are residents and citizens of the State of Indiana.

4. Defendant's Principal Office at the time of filing of Civil Action File No. 21A02222, and at all times since has been located in Clarksville, Indiana. (Id.).

5. Defendant Chester Moore was at the commencement of Civil Action File No. 21A02222, and at all times since has been a citizen and resident of the State of Indiana. (Pl.'s Compl. ¶ 2).

6. Upon information and belief, Plaintiff is a citizen of and individual residing in the State of Georgia. (Compl. ¶ 1).

7. The action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 USC §§ 1332 and 1441 et seq., in that there is complete diversity among the Parties, the Parties are not residents of the same State,

and Plaintiff is seeking an amount in excess of $75,000.00, therefore the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

    a. In Plaintiff's Complaint, she alleges she sustained serious physical injuries and is entitled to damages for past and future medical treatment, past and future lost wages, past and future conscious pain and suffering, and permanent injuries. (Pl.'s Compl. ¶¶ 15, 37).

    b. Plaintiff alleges she has incurred $29,482.00 in medical expenses allegedly related to injuries sustain in the subject collision. (Pl.'s Compl. ¶ 38).

    c. Plaintiff also alleges punitive damages, which under Georgia law are available up to $250,000.00.

    d. Plaintiff submitted a pre-suit demand to Defendants in the amount of $200,000.00. A copy of Plaintiff's demand is attached hereto as Exhibit "A."

    e. By looking at the face of the Complaint and exercising its judicial experience, the Court can determine that the amount in controversy exceeds $75,000.00. Where a plaintiff has made an unspecified demand for damages, as in this case, a removing defendant must prove only by a preponderance of the evidence that the amount in controversy exceeds

the jurisdictional requirement. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). In order to meet its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, Defendant may rely on the allegations on the face of the Complaint and any additional information supplied. *Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 751 (11th Cir. 2010). "The defendant may meet its burden by establishing that it is 'facially apparent' that the claims probably exceed $75,000.00." *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062-1063 (11th Cir. 2010). Here, it is apparent from the face of the Complaint and the demand that the claims more likely than not exceed $75,000.00.

8. Defendant attaches hereto a copy of the Summons and Complaint in State Court of DeKalb County, State of Georgia, marked as Exhibit "B."

9. Defendant attaches hereto a copy of Defendant's Notice of Removal which has been sent for filing in the State Court of DeKalb County, State of Georgia, marked as Exhibit "C."

10. All Defendants agree to this removal.

WHEREFORE, Defendant prays that the above action now pending against it in the State Court of DeKalb County, State of Georgia, be removed to this Court.

Respectfully submitted this <u>4th</u> day of June, 2021.

                                          **HALL BOOTH SMITH, P.C.**

                                          */s/ Daniell R. Fink*
                                          SCOTT H. MOULTON
                                          Georgia State Bar No. 974237
                                          SEAN B. COX
                                          Georgia State Bar No. 664108
                                          DANIELL R. FINK
                                          Georgia State Bar No. 540374
                                          *Attorneys for Defendants*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
smoulton@hallboothsmith.com
scox@hallboothsmith.com
dfink@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MIRANDA BLACK,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| v. | _____ |
| **CHESTER MOORE and SUMMITT TRUCKING, LLC,** | **REMOVED FROM STATE COURT OF DEKALB COUNTY; CIVIL ACTION FILE NO. 21A02222** |
| **Defendants.** | |

## CERTIFICATE OF COMPLIANCE

The foregoing **DEFENDANT SUMMITT TRUCKING, LLC'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** is double spaced in 14 point Times New Roman font and complies with the type-volume limitation set forth in Local Rule 7.1.

This <u>4th</u> day of June, 2021.

[SIGNATURE PAGE FOLLOWS]

**HALL BOOTH SMITH, P.C.**

*/s/ Daniell R. Fink*
SCOTT H. MOULTON
Georgia State Bar No. 974237
SEAN B. COX
Georgia State Bar No. 664108
DANIELL R. FINK
Georgia State Bar No. 540374
*Attorneys for Defendants*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
smoulton@hallboothsmith.com
scox@hallboothsmith.com
dfink@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MIRANDA BLACK,** | |
| **Plaintiff,** | **CIVIL ACTION FILE NO.** |
| v. | _____ |
| **CHESTER MOORE and SUMMITT TRUCKING, LLC,** | **REMOVED FROM STATE COURT OF DEKALB COUNTY; CIVIL ACTION FILE NO. 21A02222** |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I hereby certify that on this day I have served a copy of the within and foregoing **DEFENDANT SUMMITT TRUCKING, LLC'S NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Elizabeth W. Suh, Esq.
Quinton V. Spencer, Esq.
The Spencer Law Firm, LLC
450 S. Peachtree Street, Suite A
Norcross, Georgia 30071

This <u>4th</u> day of June, 2021.

                          **HALL BOOTH SMITH, P.C.**

                          */s/ Daniell R. Fink*
                          SCOTT H. MOULTON
                          Georgia State Bar No. 974237
                          SEAN B. COX
                          Georgia State Bar No. 664108
                          DANIELL R. FINK
                          Georgia State Bar No. 540374
                          *Attorneys for Defendants*

191 Peachtree Street NE, Suite 2900
Atlanta, GA  30303-1775
T:  404.954.5000
F:  404.954.5020
smoulton@hallboothsmith.com
scox@hallboothsmith.com
dfink@hallboothsmith.com