No. __21A02222__

**Date Summons Issued and E-Filed**

5/6/2021

__/s/ Monica Gay__
Deputy Clerk

Deposit Paid $ _____

[X] JURY

**STATE COURT OF DEKALB COUNTY**
GEORGIA, DEKALB COUNTY

**SUMMONS**

Miranda Black
851 Brandy Oak Lane, Stone Mountain, Georgia 30088
Plaintiff's name and address

vs.

Summitt Trucking, LLC
1800 Progress Way, Clarksville, Indiana 47129
Defendant's name and address

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2nd Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

| Name | Elizabeth W. Suh, Georgia Bar No. 848311 |
|---|---|
| Address | The Spencer Law Firm, LLC 450 S. Peachtree Street, Suite A Norcross, Georgia 30071 |
| Phone Number | (404) 400-2357 |
| | Georgia Bar No. |

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. The answer or other responsive pleading can be filed via electronic filing through eFileGA via www.eFileGA.com or, if desired, at the e-filing public access terminal in the Clerk's Office at 556 N. McDonough Street, Decatur, Georgia 30030

Defendant's Attorney _____
Address _____
Phone No. _____ Georgia Bar No. _____

Third Party Attorney _____
Address _____
Phone No. _____ Georgia Bar No. _____

**TYPE OF SUIT**

[X] Personal Injury ☐ Products Liability
☐ Contract ☐ Medical Malpractice
☐ Legal Malpractice ☐ Product Liability
☐ Other

Principal $ _____
Interest $ _____
Atty Fees $ _____

Access to the e-filing site and the rules is available at www.dekalbstatecourt.net
To indicate consent to e-service check the box below.
[X] (Plaintiff consents to e-service pursuant to OCGA 9-11-5 (f). The email address for service appears in the complaint.

E-file summons1-2016

EXHIBIT B

IN THE STATE COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | |
|---|---|
| MIRANDA BLACK, )<br><br>PLAINTIFF, )<br> )<br>v. )<br> )<br>CHESTER MOORE and SUMMITT )<br>TRUCKING, LLC, )<br> )<br>DEFENDANTS. ) | CIVIL ACTION<br><br>FILE NO.: 21A02222<br><br>REQUEST FOR JURY TRIAL |

**COMPLAINT FOR NEGLIGENCE AND DAMAGES**

**COMES NOW, MIRANDA BLACK,** Plaintiff, by and through counsel of record, The Spencer Law Firm, and avers against **CHESTER MOORE** and **SUMMITT TRUCKING, LLC**, Defendants, as follows:

**I. PARTIES AND JURISDICTION**

1.

Plaintiff Miranda Black resides in DeKalb County, Georgia, and is subject to the jurisdiction of this Court.

2.

Defendant, **Chester Moore** (hereinafter referred to as "Defendant Moore"), resides at 509 West 5th St., North Manchester, Indiana 46962. Defendant is a nonresident of the State of Georgia; therefore, service will be mailed in accordance with O.C.G.A. § 40-12-2. This Court has jurisdiction over this Defendant pursuant to § 49-10-91, and the venue is proper in this Court pursuant to O.C.G.A. § 9-10-31.

1

EXHIBIT B

3.

Defendant, **Summitt Trucking, LLC** (hereinafter referred to as "Defendant Summitt Trucking"), is a foreign corporation under the laws of the state of Indiana with its principal place of business in Indiana and may be served with process by its registered agent for service as follows: David Summitt, 1800 Progress Way, Clarksville, Indiana 47129. This Court has jurisdiction over Defendant Summitt under Georgia's long arm statute, and the venue is proper in this Court under O.C.G.A. § 9-10-31.

## II. STATEMENT OF FACTS

4.

On or about October 15, 2020, Plaintiff Miranda Black was operating her motor vehicle on I-285 in DeKalb County, Georgia.

5.

Defendant Moore, while in the course and scope of his employment, was operating Defendant Summitt's freightliner truck on I-285 and was traveling in the lane to Plaintiff's right.

6.

Defendant Moore crossed into Plaintiff Miranda Black's lane and caused his vehicle to violently strike Plaintiff's vehicle.

7.

Defendant Moore received a citation in violation of O.C.G.A. § 40-6-48.

8.

Only Defendant Moore was cited.

9.

At all relevant times, Defendant Moore had exclusive possession and control over the vehicle which caused injuries Plaintiff complains of throughout her Complaint.

10.

Plaintiff was not contributorily negligent and did not have the opportunity to avoid the collision.

11.

As a result of the collision, Plaintiff sustained injuries to her person.

## COUNT I

## NEGLIGENCE – DEFENDANT CHESTER MOORE

Plaintiff re-alleges and incorporates by reference all those facts and allegations in paragraphs 1 through 11 above, and Plaintiff further alleges:

12.

This collision was caused by the recklessness, carelessness, and negligence of Defendant Moore. For that, among other acts and omissions, Defendant Moore:

a. Failed to properly signal his intention to change lanes;

b. Failed to maintain his lane;

c. Failed to observe due care and precaution for Plaintiff;

d. Failed to maintain proper and adequate control of his motor vehicle;

e. Failed to keep a proper lookout for Plaintiff's vehicle;

f. Failed to exercise reasonable care in the operation of his motor vehicle under the circumstances then and there existing;

g. Was *negligent per se*, as Defendant Moore negligently operated his motor vehicle, thereby violating Georgia traffic laws; and

h. In other respects, not now known to Plaintiff, but which may become known prior to or at the time of trial.

13.

It was the duty of Defendant Moore to use reasonable care while driving, to maintain a proper lookout, to properly signal his intention to change lanes, to maintain his lane, and for Defendant Moore to control his vehicle in a reasonable manner in order to avoid a collision.

14.

Defendant Moore breached that duty by failing to use reasonable care, failing to properly signal his intention to change lanes, failing to maintain his lane, and failing to control his vehicle in a reasonable manner in order to avoid a collision with Plaintiff.

15.

As the direct and proximate result of Defendant Moore's negligence, Plaintiff has suffered serious physical injuries.

16.

To the extent Plaintiff suffered any aggravation of pre-existing conditions, Defendant directly and proximately caused any aggravations to such conditions as the result of his negligence.

## COUNT II

### NEGLIGENT ENTRUSTMENT – DEFENDANT SUMMITT TRUCKING, LLC

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 16 above as if restated.

4

EXHIBIT B

17.

Defendant Summitt owned the vehicle that Defendant Moore was operating on the day of the subject collision.

18.

Defendant Summitt as the employer of Defendant Moore, had the right to permit and the power to prohibit the use of the vehicle driven by Defendant Moore.

19.

Defendant Summitt knew, or should have known, due to Defendant Moore's inexperience and/or prior actions, that he was likely to drive his vehicle in a negligent and reckless manner.

20.

As a direct result of Defendant Summitt negligently entrusting Defendant Moore, who operated Defendant Summitt's vehicle in a negligent and reckless manner, Plaintiff, without any contributory negligence, suffered the injuries, damages, and harm stated in this Complaint.

## COUNT III

### NEGLIGENT HIRING, RETENTION, TRAINING, AND SUPERVISION – DEFENDANT SUMMITT TRUCKING, LLC

Plaintiff realleges and incorporates herein the allegations in paragraphs 1 through 20 above as if fully restated.

21.

Defendant Summitt had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required of an employee.

22.

Defendant Summitt knew, or should have known, that Defendant Moore would be likely to operate a motor vehicle in a negligent and reckless manner.

EXHIBIT B

23.

Defendant Summitt knew, or should have known, that Defendant Moore was not competent or fit for the duties required of him as an employee.

24.

Defendant Summitt breached its duty to use reasonable care to select and retain an employee that was competent and fit for the position.

25.

Defendant Summitt was negligent by failing to properly supervise Defendant Moore.

26.

Defendant Summitt failed to train Defendant Moore.

27.

As a result of Defendant Summitt's negligence in hiring, retaining, training, and supervising Defendant Moore, Defendant Moore operated Defendant Summitt's vehicle in a negligent and reckless manner, and Plaintiff, without any contributory negligence, suffered the injuries, damages, and harm stated in this Complaint.

## COUNT IV

## MAINTENANCE

Plaintiff realleges and incorporates herein the allegations in paragraphs 1 through 27 above as if fully restated.

28.

Defendant Summitt failed to adequately maintain the freightliner truck in question.

29.

The negligent misconduct of Defendant Summitt caused the collision.

30.

The negligent misconduct of Defendant Summitt caused Plaintiff's injuries.

## COUNT V

## RESPONDEAT SUPERIOR LIABILITY – DEFENDANT SUMMITT TRUCKING, LLC

Plaintiff realleges and incorporates herein the allegations in paragraphs 1 through 30 above as if fully restated.

31.

At the time of the wreck, Defendant Moore was operating his vehicle with the consent of, and as the authorized, actual, or apparent agent, and/or employee of Defendant Summitt.

32.

At the time of the car wreck, Defendant Moore was acting within the scope of his employment with Defendant Summitt and was not under a frolic of his own.

33.

As the principal for Defendant Moore, Defendant Summitt is responsible for all of the acts committed while in the scope of his employment, including the vehicle collision in this case that caused the Plaintiff's injuries. *See Smith v. Hawks*, 182 Ga. App. 379, 384 (1987).

## COUNT VI

## DAMAGES

Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 33 above, and Plaintiff further alleges:

34.

As the direct and proximate result of Defendants' negligence, Plaintiff Miranda Black sustained damage to her vehicle, suffered personal injuries, and will continue to suffer personal injuries in the future, including bodily injuries, pain, and mental suffering.

35.

As the direct and proximate result of Defendants' negligence, Plaintiff Miranda Black suffered personal injuries and will continue to suffer personal injuries in the future, including bodily injuries, pain, and mental suffering.

36.

Plaintiff suffered severe injuries to her person and was required to seek extensive medical treatment.

37.

Plaintiff's damages consist of the following:

a. Medical treatment,
b. Future expenses for medical treatment,
c. Loss of wages,
d. Future loss of wages and earning capacity,
e. Conscious pain and suffering,
f. Future conscious pain and suffering, and
g. Permanent injuries to the affected parts.

38.

As the direct and proximate result of Defendants' negligence, Plaintiff Miranda Black demands special damages in the amount of $29,482.00 for medical expenses already incurred.

39.

All of the aforementioned damages were directly and proximately caused by the aforementioned negligence of Defendants and were incurred without contributory negligence or assumption of the risk by Plaintiff.

## COUNT VII

## PUNITIVE DAMAGES

Plaintiff realleges and incorporates by reference all those facts and allegations in paragraphs 1 through 39 above, and Plaintiff further alleges:

40.

Defendants' conduct was reckless, willful and wanton, and demonstrates a conscious indifference to the consequences of their actions and entitles Plaintiff to an award of punitive damages as set forth in O.C.G.A. § 51-12-5.1

WHEREFORE, Plaintiff prays that she have a trial on all issues and judgment against Defendants as follows:

a. That Defendants be cited to appear and answer herein;
b. That Plaintiff have a trial by jury of twelve;
c. That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;
d. That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;
e. That Plaintiff recover punitive damages in an amount to be determined by the enlightened conscience of a jury;
f. That Plaintiff recover reasonable attorney's fees and costs of litigation;

9

EXHIBIT B

g. Pre-judgment and post-judgment interest at the maximum rate allowed by law;

h. Any other and further relief that the Court considers just and proper.

This 23rd day of April, 2021.

Respectfully submitted,
**The Spencer Law Firm, LLC**

/s/ Elizabeth W. Suh

Elizabeth W. Suh
Georgia State Bar No. 848311
Quinton V. Spencer
Georgia State Bar No. 871116
*Attorneys for Plaintiff*
450 S. Peachtree Street, Suite A
Norcross, Georgia 30071
liz@quintonspencer.com
Telephone (404) 400-2357
Fax (678) 550-9225

STATE COURT OF
DEKALB COUNTY, GA.
5/5/2021 5:27 PM
E-FILED
BY: Monica Gay

10

EXHIBIT B