# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Miranda Black,

                    Plaintiff,

v.                                          Case No. 1:21-cv-2305-MLB

Chester Moore and Summitt
Trucking, LLC,

                    Defendants.

_____/

## OPINION & ORDER

After an automobile accident, Plaintiff Miranda Black sued Defendants Chester Moore and Summitt Trucking, LLC, in the State Court of DeKalb County, Georgia. (Dkt. 1-2.) Defendants removed the case. (Dkt. 1.) Plaintiff moves to remand. (Dkt. 8.) The Court grants that motion.

## I.    Background

On October 15, 2020, Defendant Moore, while operating Defendant Summitt's freightliner truck, "violently" caused his vehicle to strike Plaintiff's vehicle. (Dkt. 1-2 ¶¶ 4–6.) As a result of the accident, Plaintiff

seeks damages for past and future medical treatment, past and future lost wages, past and future pain and suffering, and permanent injuries. (*Id.* ¶ 37.)   She specified that she demands "$29,482.00 for medical expenses already incurred." (*Id.* ¶ 38.)  She also seeks punitive damages and attorneys' fees.  (*Id.* ¶ 40.)  Defendants removed the case to this Court.  (Dkt. 1.)   Plaintiff seeks remand, arguing the amount in controversy is not met.  (Dkt. 8.)

## II.   Standard of Review

A case may be removed from state to federal court only if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a).  Aside from cases arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, district courts have original jurisdiction over civil actions between citizens of different states with an amount of controversy exceeding $75,000.  *See* 28 U.S.C. § 1332(a).  A district court must construe removal statutes narrowly, resolving all doubts against removal.  *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)).

## III.  Discussion

Plaintiff argues remand is appropriate because the amount in controversy is not met.  (Dkt. 8 at 2.)  The complaint identifies a specific amount of damages—that is, $29,482—but this amount refers only to the damages sought for Plaintiff's past medical expenses.  (Dkt. 1-2 ¶ 38.) But in addition to that, Plaintiff seeks damages for future medical expenses, past and future lost wages, loss of earning capacity, past and future pain and suffering, permanent injuries, punitive damages, and attorneys' fees.  (*Id.* ¶¶ 37–38, 40.)  The complaint thus has no specific amount of *total* damages.

Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.  *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).  A removing defendant, however, "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). In some cases, it may be "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional requirement, "even

when 'the complaint does not claim a specific amount of damages.'" *Roe*, 613 F.3d at 1061 (quoting *Pretka*, 608 F.3d at 754).  Here, the amount in controversy is not so apparent.  Simply put, there is no way to determine from the complaint whether Plaintiff has been so badly injured as to make an award of over $75,000 more likely than not.  The complaint merely asserts she suffered "severe injuries" as a result of the automobile accident, specifies $29,482 in past medical expenses, and seeks damages for future medical expenses, past and future lost wages, loss of earning capacity, past and future pain and suffering, permanent injuries, punitive damages, and attorneys' fees.  (*Id.* ¶¶ 36–38, 40.)  These allegations do not suggest that the amount in controversy exceeds the jurisdictional amount.  *See Williams v. Best Buy Co.,* 269 F.3d 1316, 1318, 1320 (11th Cir. 2001) (allegations that the plaintiff tripped over a curb and suffered permanent physical and mental injuries, incurred substantial medical expenses, suffered lost wages, experienced a diminished earning capacity, and would continue to suffer these damages in the future, along with a demand for both compensatory and punitive damages, did *not* render it facially apparent that the amount in controversy exceeded $75,000); *Grant v. Walmart Stores E., LP*, No. 5:14-

CV-119, 2014 WL 2930835, at *1 (M.D. Ga. June 27, 2014) (noting that the complaint "generically describe[d] the harm suffered as 'severe injuries that required extensive medical treatment'" and holding that "it [wa]s not facially apparent from the complaint that the amount in controversy exceed[ed] $75,000"). The Court, therefore, rejects Defendants' conclusory assertion that it need not look further than the complaint to determine the amount in controversy is met. (Dkt. 11 at 6.)

When the jurisdictional amount is not facially apparent from the complaint, courts look to the notice of removal and other types of relevant evidence. *See Roe*, 613 F.3d at 1061 (explaining that in some cases the removing defendant may need "to provide additional evidence demonstrating that removal is proper"); *Pretka*, 608 F.3d at 754 (citing Moore's Federal Practice, the Eleventh Circuit noted that in determining whether the removing defendant has satisfied its burden, a court "may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied"). If the basis for federal jurisdiction is unclear from the notice of removal and accompanying documents, the

court may not "speculate" about the amount in controversy. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214–15 (11th Cir. 2007) ("[T]he existence of jurisdiction should not be divined by looking to the stars.").

In both the notice of removal and the opposition to remand, Defendants contend the amount in controversy exceeds $75,000. (Dkts. 1 ¶ 7; 11 at 4.) Defendants rely on five things to show the amount in controversy is met. (Dkts. 1 ¶ 7; 11 at 1–3.) First, Defendants point to Plaintiff's allegation that she incurred $29,482 in medical expenses. (Dkt. 1 ¶ 7(b).) This dollar figure can be used in calculating the amount in controversy. The Court notes, however, that this figure is less than half the jurisdictional amount, leaving a balance of $45,518 and forcing the Court to take quite a leap to infer the amount in controversy is met.

Second, Defendants point to Plaintiff's allegations that she sustained serious physical injuries and is entitled to damages for past and future medical treatment, past and future lost wages, past and future conscious pain and suffering, and permanent injuries. (Dkt. 1 ¶ 7(a).) A generic scattershot list of unspecified damages is unhelpful. *See Bouzoubaa v. Bank of Am.*, No. 1:17-CV-3031-TWT-LTW, 2018 WL 1789806, at *5 (N.D. Ga. Jan. 19, 2018) ("As Defendant points out,

Plaintiff has sought a number of different types of damages for his various claims, but without a baseline as to what some of these damages are or a basis for calculating them, this Court cannot say at this juncture that Defendant can show by a preponderance of the evidence that the amount in controversy has been satisfied."), *adopted by* 2018 WL 1790025 (N.D. Ga. Feb. 23, 2018); *see also Parker v. Wal-Mart Stores E. LP*, No. 5:18-cv-00440-TES, 2019 WL 413560, at *3 (M.D. Ga. Feb. 1, 2019) ("While the concrete special damages totaling $30,440.19 *could* lend to a damages amount ultimately exceeding the jurisdictional requirement, such a conclusion—at this time—is too speculative because Plaintiff's remaining balance of damages are enumerated by generic, boilerplate prayers for relief and contain no calculated sums of damages sought."). For example, as to the lost wages, the Court has no information on Plaintiff's employment or to what extent her injuries impacted her ability to work. *See Pierre v. Gov't Emps. Ins. Co.*, No. 8:17-cv-1108-T-33JSS, 2017 WL 2062012, at *3 (M.D. Fla. May 13, 2017) ("[The plaintiff] has alleged a loss of the ability to earn money, but the Court has not been supplied with information as to whether [she] is employed and, if so, the nature of her wages."); *Mujkic v. Target Corp.*, No. 8:15-cv-2826-T-

33TGW, 2015 WL 8590304, at *3 (M.D. Fla. Dec. 12, 2015) (same). The Court will not engage in unabashed guesswork.

Third, Defendants note Plaintiff is seeking punitive damages, "which under Georgia law are available up to $250,000.00." (Dkt. 1 ¶ 7(c).) While punitive damages should be considered when calculating the amount in controversy, *Holley Equip. Co. v. Credit All. Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (per curiam), "[i]t is well established that a statutory cap on punitive damages alone cannot be used to determine the amount in controversy," *Stephens v. Cmty. Newspaper Holdings Inc.*, No. 7:09-CV-00080-HL, 2009 WL 1938785, at *2 (M.D. Ga. July 2, 2009). Moreover, "there is nothing talismanic about . . . a demand [for punitive damages] that would per se satisfy the amount-in-controversy requirement and trigger federal subject-matter jurisdiction." *Dean v. Sears, Roebuck & Co.*, No. 13-00487-C, 2014 WL 900723, at *6 (S.D. Ala. Mar. 7, 2014); *see also Lambeth v. Peterbilt Motors Co.*, No. 12-0169-WS-N, 2012 WL 1712692, at *4 (S.D. Ala. May 15, 2012) (the complaint's reference to punitive damages does not automatically equate to an amount in controversy in excess of $75,000). A defendant still "remains responsible for proving by a preponderance of the evidence that

the amount in controversy exceeds $75,000." *Bouzoubaa*, 2018 WL
1789806, at *5. Here, Defendants did nothing more than point to the fact
that Plaintiff is requesting punitive damages. That is not enough. *See
id.* ("[I]t is not sufficient for Defendant to merely point to the fact that the
Plaintiff is requesting punitive damages."); *Holman v. Montage Grp.*, 79
F. Supp. 2d 1328, 1330 (S.D. Ala. 1999) ("[A]n unspecified claim for
punitive damages, standing alone, is insufficient to establish federal
subject matter jurisdiction."). Instead, Defendants needed to "present
some rationale as to what the punitive damages are likely to be."
*Bouzoubaa*, 2018 WL 1789806, at *5. They did not do so here. To assign
a dollar value to Plaintiff's punitive damages claim at this juncture would
require pure speculation. *See Dean*, 2014 WL 900723, at *6 (noting that
the defendant "ha[d] not placed a value on the punitive damages claim or
presented evidence to aid the Court in determining the value of such a
claim" so the Court could "not estimate the value of the Plaintiff's
punitive damages claims without engaging in pure speculation").

Fourth, Defendants point to a pre-suit demand in which Plaintiff
sought to settle her claims for $200,000. (Dkts. 1-1; 11 at 6. Courts may
consider settlement offers in deciding the amount in controversy. *See*

*Lowery*, 483 F.3d at 1213 n.62. "Although a settlement offer counts for something, what it counts for depends on the circumstances." *Maisonneuve v. Quiktrip Corp.*, No. 1:15-CV-02603-ELR, 2015 WL 12645741, at *1 (N.D. Ga. Oct. 20, 2015) (internal citations and quotation marks omitted). As other courts in this Circuit have noted, "[s]ettlement offers commonly reflect puffing and posturing" and are therefore "entitled to little weight in measuring the preponderance of the evidence." *See Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (collecting cases). "When, as is the case here, the settlement demand pre-dates the complaint, many courts have refused to give the demand *any* weight in determining whether the removing party has satisfied its evidentiary burden in regard to the assertion of jurisdiction." *Maisonneuve*, 2015 WL 12645741, at *1 (citing *Saberton v. Sears Roebuck & Co.*, 392 F. Supp. 2d 1358, 1360 (M.D. Fla. 2005)). Here, the Court will consider the pre-suit demand to the extent it provides "specific information . . . to support [Plaintiff's] claim for damages" such that it appears "[she] is 'offering a reasonable assessment of the value of [her] claim.'" *Jackson*, 651 F. Supp. 2d at 1281. The pre-suit settlement demand provides more detail about Plaintiff's injuries and implies

Plaintiff's past medical expenses are more than $29,482 because that figure does not include a visit to Emory Hillandale Hospital.  (*See* Dkt. 1-1.)  But it does not provide how much more, nor does it provide an accounting or other reasonably calculable method for how she reached her settlement offer of $200,000.  (*See id.*)

Lastly, Defendants make a passing reference to the fact that Plaintiff could have stipulated that her damages were $75,000 or less. (Dkt. 11 at 8.)  It is well settled that "a refusal to stipulate standing alone does not satisfy [the defendant's] burden of proof on the jurisdictional issue."  *See Williams*, 269 F.3d at 1320.  Nevertheless, "the court may consider such refusal as evidence that the amount in controversy is met." *Townsend v. Win-Holt Equip. Corp.*, No. 2:17cv218-MHT, 2018 WL 4608476, at \*2 (M.D. Ala. Sept. 25, 2018); *see also Elder v. T-Fal, Inc.*, No. 1:07-CV-1280-JOF, 2007 WL 4060230, at \*3 (N.D. Ga. Oct. 31, 2007) (explaining that the court may consider a refusal to stipulate as one piece of evidence among many).  The Court, however, finds the lack of a stipulation to carry little weight because "[t]here are several reasons why a plaintiff would not so stipulate."  *See Williams*, 269 F.3d at 1320.

After reviewing all the evidence presented, the Court cannot say with certainty that Defendants have proven by a preponderance of the evidence that the amount in controversy exceeds $75,000.  As such, the Court will exercise the presumption in favor of Plaintiff and remand this matter to the State Court of DeKalb County, Georgia.  *See Univ. of S. Ala. v. Am. Tobocco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court.").

## IV.   Conclusion

The Court **GRANTS** Plaintiff's motion to remand (Dkt. 8) and **REMANDS** this case to the State Court of DeKalb County, Georgia.  The Clerk is **DIRECTED** to **CLOSE** this action.

**SO ORDERED** this 4th day of November, 2021.

MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE